ACCEPTED
01-15-00188-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/10/2015 11:27:15 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00188-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/10/2015 11:27:15 PM
VOID K
CHRISTOPHER A. PRINE
Clerk

**MARK F. HANKS,**

*Appellant,*

v.

**THE HUNTINGTON NATIONAL BANK,**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/10/2015 11:27:15 PM
CHRISTOPHER A. PRINE
Clerk

*Appellee.*

On Appeal from the County Civil Court at Law No. 4 of Harris County, Texas
Trial Court Cause No. 1056196

**FOURTH MOTION FOR EXTENSION OF TIME
TO FILE APPELLANT'S BRIEF AND TO CORRECT REPORTER'S RECORD**

LAW OFFICE OF ROBERT C. PASCHAL, JR.
Robert C. Paschal, Jr
State Bar No. 00786156
12850 Jones Rd., Suite 201
Houston, Texas 77070
Telephone: (713) 882-1863
Facsimile: (281) 970-1664

Attorney for Defendant and Appellant Mark F. Hanks

1

TO THE HONORABLE FIRST COURT OF APPEALS:

Pursuant to Rules 10.1., 10.5(b), 34.6(e), and 38.6 (d) of Texas Rules of Appellate Procedure, Appellant Mark F. Hanks ("Appellant" or "Mr. Hanks") submits this Fourth Motion for Extension of Time to File Appellant's Brief and to Correct Reporter's Record, and in support hereof would respectfully show as follows:

As indicated in previous motions before this Court, Appellant's counsel was seriously injured in late July 2015, and underwent surgery on August 20, 2015 to repair a completely torn rotator cuff on the shoulder of his dominant arm. Due to the initial recovery period associated with the surgery, and the need for strong prescription pain killers, Appellant's counsel was not able to practice law at all, and had to continue many matters in his practice.

Despite the painful surgery and the barrage of pain killers prescribed for the post-surgery recovery, Appellant's counsel was able to obtain from the clerk of this court a disk containing the trial court clerk's record and the court reporter's record. An assistant confirmed that the records included on the disk were complete, but she did not review them for accuracy.

As Appellant's counsel was adding specific references to the reporter's record to the factual summary of the Appellant's brief earlier this week, he discovered for the first time that the reporter's record contained serious inaccuracies. If left uncorrected, these inaccuracies could easily affect the outcome of this appeal. Importantly, the statutory authority which largely forms the basis for the appeal was incorrectly recorded by the court reporter.

2

Specifically, instead of accurately transcribing the authority asserted by Appellant (the Protecting Tenants at Foreclosure Act of 2009, hereinafter "PTFA") the reporter erroneously transcribed "Texas Property Act" and later the "Foreclosure Act." (3 R.R. 4, and 3 R.R. 5). The trial court judge denied Appellant the opportunity to make an offer of proof of evidence that would establish that the parties, through their respective conduct, entered into an implied-in-fact lease of the property. As the parties had done so, Appellant was no longer a "tenant at sufferance," but rather a tenant with a recognized lease that was protected under the PTFA.

If the record is not corrected, this Court would be left with the inaccurate impression that Appellant's counsel attempted to make an offer of proof supporting an argument under two nonexistent statutes – hardly a fair situation. It is fair to presume that this Court would make "short shrift" of such an appeal. There are a few other inaccuracies that will also need to be corrected,

Appellant's counsel is hopeful that the inaccuracies can be corrected via an agreement with counsel for Appellee pursuant to T.R.A.P. 34.6(e)(1). If not, pursuant to T.R.A.P. 34.6(e)(3), Appellant's counsel will seek to have the matter returned to the trial court for appropriate corrections.

In the mean time, Appellant is seeking an extension of the time to file his brief to enable the record to be correctly cited in Appellant's brief. Such an extension is necessary

as it would be unfair to require the filing of a brief when such an important part of the record is inaccurate and thus non-supportive of his appellate arguments.

On September 10, 2015, Appellant's counsel attempted to confer via telephone with counsel for Appellee, Joseph M. Vacek, regarding the extension of the deadline and corrections to the reporter's record being sought herein. As of the time of filing of this motion, Appellee's counsel has not returned Appellant's counsel's call with respect to whether he agrees with or opposes this motion.

All facts recited in this motion are within the personal knowledge of the counsel signing this motion, therefore no verification is necessary under Rule of Appellate Procedure 10.2.

**PRAYER FOR RELIEF**

For the reasons set forth above, Appellant requests that this Court grant this Fourth Motion to Extend Time to File Appellant's Brief and to Correct Reporter's Record, and extend the deadline for filing the Appellant's Brief as follows:

— Appellant requests that his Appellant's Brief be due within three (3) days of the date on which either (1) the parties file with this Court their agreed-upon corrections to the Reporter's Record in this matter, or (2) any certified corrections ordered to the Reporter's Record by the trial court pursuant to T.R.A.P. 34.6(e)(2) are filed in this Court.

Appellant further requests all other relief to which he may be entitled.

4

Respectfully submitted,

LAW OFFICE OF ROBERT C. PASCHAL, JR.

By: _____

Robert C. Paschal, Jr
State Bar No. 00786156
12850 Jones Rd., Suite 201
Houston, Texas 77070
Telephone: (713) 822-1863
Facsimile: (281) 970-1664

Attorney for Appellant Mark F. Hanks

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 10, 2015, I attempted to confer with Joseph M. Vacek, counsel for Appellee, regarding this motion and the relief requested in said motion, and counsel for Appellee has not returned my call with respect to whether he agrees to the relief requested or opposes the motion as of the time it was e-filed with this Court on September 10, 2015.

_____

Robert C. Paschal, Jr

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2015, a true and correct copy of the foregoing document was served by facsimile transmission to the following counsel of record:

Joseph M. Vacek                                    **Via Facsimile No. (972) 341-0675**
Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Boulevard, Suite 100
Addison, Texas 75001

Rex L. Kesler                                      **Via Facsimile No. (281) 501-3191**
2311 Canal Street, Suite 304
Houston, Texas 77069

_____
Robert C. Paschal, Jr.